EILEEN M. DECKER
United States Attorney
ROBERT CONTE
Assistant United States Attorney
Assistant Chief, Tax Division
300 North Los Angeles Street
Federal Building, Room 7211
Los Angeles, California 90012
Telephone: (213) 894-5810
Facsimile: (213) 894-0115
E-mail: robert.conte@usdoj.gov
TINO M. LISELLA (FL Bar No. 44510)
Assistant Chief
Timothy M. Russo (NY Bar No. 4461703)
Trial Attorney
Tax Division, Western Criminal Enforcement Section
United States Department of Justice
601 D. St. NW, Room 7022
Washington, D.C. 20004
Telephone: (202) 514-5762
Facsimile: (202) 514-9623
E-mail:

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MASUD SARSHAR,<br><br>Defendant. | No. CR 16-0527-PSG<br><br>GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING<br><br>Sentencing<br>Date: March 13, 2017<br>Time: 10:00 a.m. |

The Government hereby respectfully submits this memorandum to supplement the joint statement filed with Defendant Masud Sarshar. On February 13, 2017, the parties filed a joint statement, which concurred with the findings of the Presentence Investigation Report

("PSR"). Because all parties, including the Court, are bound by the plea agreement entered by the defendant, the Government submits this memorandum to assist the Court in imposing the agreed upon sentence of 24 months in prison, restitution to the IRS of $8,374,234, exclusive of interest and penalties, a fifty percent FBAR penalty for failing to report all foreign financial accounts, and three (3) years' supervised release.

## SUMMARY OF THE PLEA AGREEMENT

On October 26, 2016, Masud Sarshar pleaded guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to one count of conspiracy to defraud the United States, in violation of 26 U.S.C. § 371, and one count of corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a).

The parties agreed to a base offense level of 24, with two (2) levels added for sophisticated means. The parties further agreed to a three (3) level reduction for timely acceptance of responsibility. Finally, the parties agreed that based on the defendant's substantial assistance to the Government, that the Government would file a motion pursuant to U.S.S.G. §5K1.1 for a six level reduction from the total offense level. This results in a total adjusted offense level of 17. The parties agree that 24 months in prison is the appropriate sentence to be imposed.

SUPERVISED RELEASE: The parties further agree that, after the period of imprisonment, the defendant shall be placed on supervised release for a term of three (3) years under the following terms and conditions:

SPECIAL ASSESSMENT: The defendant shall pay to the United States a special assessment fee of $200 ($100 per count of conviction), which is due immediately to the Clerk of the Court.

RESTITUTION and FBAR PENALTY: Pursuant to the plea agreement, the defendant agrees to pay restitution of $8,374,234 to the Internal Revenue Service and pay a penalty of $18,242,537.65[1] to the United States Treasury to resolve his civil liability for failing to report his foreign bank accounts. For the Internal Revenue Service to assess and correctly credit those amounts to defendant pursuant to applicable procedures, the government requests that the following orders be included in this Court's judgment:

(a) The defendant shall make restitution to the Internal Revenue Service in the total amount of $8,347,234, which consists of the following amounts, all to be credited to the joint individual income tax of the defendant and his spouse for the following tax years:

| TAX YEAR | AMOUNT TO BE CREDITED TO TAX |
|---|---|
| 2006 | **$423,090** |
| 2007 | **$3,200,313** |
| 2008 | **$1,053,260** |
| 2009 | **$3,299,545** |
| 2011 | **$5,519** |
| 2012 | **$392,507** |

(b) The defendant shall pay $18,242,537.65 to the United States Treasury through the Department of Justice, which resolves the defendant's civil liability for failing to file Reports of Foreign Bank and Financial Accounts, Forms TD F 90-22.1 and other foreign information reporting obligations under the United States law for tax years 2009 through 2012.

## SUMMARY OF DEFENDANT'S CONDUCT

For nearly two decades, the defendant concealed assets and income in undeclared Israeli bank accounts. The defendant conspired

[1] The plea agreement did not specify a dollar amount, since the Government was still calculating the penalty; however, subsequent to the defendant's plea of guilty, the parties agreed on this amount through the execution of an IRS Closing Agreement.

with Israeli bankers from both Israeli Bank A and Bank Leumi to hide his income and assets, and when needed, surreptitiously transfer funds into the United States.

The defendant was a highly successful businessperson in the garment industry. He held an exclusive distribution license for Dickie's clothing and operated through his company, Apparel Limited. Apparel Limited also had a multinational component to it. The defendant directed one of Apparel Limited's foreign customers to pay the income earned to undeclared foreign bank accounts, which the defendant held at both Israeli Bank A and Bank Leumi. From 2006 through 2009, the defendant diverted more than $20 million in gross receipts into undeclared foreign bank accounts. He did not report any of this income to the IRS, nor did he disclose the existence of these bank accounts on his FBARs.

The defendant accessed a substantial portion of his offshore funds and used them in the United States through back-to-back loans with Bank Leumi. In these transactions, Bank Leumi's Los Angeles branch provided loans to the defendant, which were collateralized by a combination of his undeclared accounts at Bank Leumi and Israeli Bank A. Instead of repaying these loans in full, as one would expect with a common commercial loan, the defendant let Bank Leumi call the loans against his undeclared foreign accounts. Essentially, this allowed the defendant to access his undeclared foreign accounts without creating a paper trail that tied the defendant directly to his foreign accounts.

In the wake of the Justice Department's investigation and deferred prosecution agreement with UBS, the defendant endeavored to further conceal his undeclared offshore accounts in Israel by

obtaining two foreign passports. In early 2010, the defendant applied for an Israeli and an Iranian passport. The defendant hoped that Israeli Bank A and Bank Leumi could conceal the fact that he was an American prior to either bank's increased compliance procedures "flagging" him as an America. By the time he received these foreign passports, it was too late; he had already been identified as an American by the banks' respective compliance departments.

Unsuccessful, but not undeterred, the defendant moved his remaining funds in Israeli Bank A to Israeli Bank B, using one of his foreign passports to open that account. He also wired the remaining funds from Bank Leumi to an HSBC account in Hong Kong, where the account holder transmitted those funds to the defendant in the United States what defendant purported to be a business loan.

The egregiousness of the defendant's conduct both in duration and scope is staggering. The defendant immigrated to this country to avoid religious persecution in Iran and to pursue the American dream, but he pursued that dream on the backs of all of the honest taxpayers in this country, nearly all of whom have not enjoyed the economic success of the defendant.

**SUMMARY OF DEFENDANT'S SUBSTANTIAL ASSISTANCE**

**AND GOVERNMENT'S DEPARTURE RECOMMENDATION**

The Government first met with the defendant on March 17, 2016, to discuss his criminal conduct. Approximately one week after that meeting, the defendant indicated his desire to cooperate with the government. Since then, the defendant disclosed the full extent of his criminal conduct with respect to his offshore tax evasion. He has also provided substantial assistance with respect to ongoing

offshore investigations.[2] The defendant fully disclosed his dealings with RM 1 from Israeli Bank A and RM 2 at Bank Leumi. For instance, the defendant explained that RM 2 brought his foreign bank records into the United States on a USB necklace to avoid detection at Customs. In addition, the defendant explained the lengths in which Israeli Bank A went to keep him as a customer, when he contemplated transferring all of his funds to Bank Leumi. Specifically, Israeli Bank A provided a standby letter of credit to Bank Leumi to fully collateralize the back-to-back loan that the defendant received in order to keep him as a customer.

Section 5K1.1 of the Sentencing Guidelines provides in pertinent part, as follows:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines . . . .

Application Note 3 to § 5K1.1 provides that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain."

The defendant provided substantial evidence that has allowed the government to move other investigations forward. The defendant's cooperation with, and substantial assistance to, law enforcement should be encouraged and recognized for its value. The timeliness of defendant's cooperation is also a factor that is properly considered with respect to the government's recommendation as to the extent of a

[2] The Government files this sentencing memorandum close in time to the actual sentencing date because the defendant's cooperation only recently concluded.

departure pursuant to § 5K1.1(a)(5). Accordingly, and consistent with the plea accepted by the Court pursuant to Rule 11(c)(1)(C) the government hereby respectfully recommends a 6-level departure and a resulting offense level of 17. Based on these factors, the defendant and the Government agreed to a sentence of 24 months' imprisonment.

## CONCLUSION

For all of the reasons contained in this Memorandum in Aid of Sentencing and other documents filed in this case, the United States respectfully requests the Court sentence the defendant to 24 months in prison, enter a restitution order of $8,347,234 to the IRS for the defendant's unpaid taxes for tax years 2006 through 2012, order the defendant to pay the FBAR penalty of $18,242,537.65 to the Department of Treasury through the United States Department of Justice, serve three years of supervised release, and pay a $200 special assessment.

Dated: March 3, 2017

Respectfully submitted,

EILEEN M. DECKER
United States Attorney
ROBERT CONTE
Assistant United States Attorney
Assistant Chief, Tax Division

/s/ *Tino M. Lisella*
TINO M. LISELLA
Assistant Chief
TIMOTHY M. RUSSO
Trial Attorney
United States Department of Justice
Tax Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA